UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA VILLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRUMA CORPORATION, a Nevada corporation,<br><br>　　　　　Defendant. | No. 1:19-cv-01721-DAD-BAM<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO COMPEL ARBITRATION AND DISMISSING THIS ACTION WITHOUT PREJUDICE<br><br>(Doc. No. 5) |

　　　　On December 12, 2019, defendant Gruma Corporation filed a motion to compel arbitration and dismiss or stay this action. (Doc. No. 5.) Plaintiff Graciela Villa responded on January 21, 2020 by filing a statement of non-opposition to defendant's motion to compel arbitration and stay this action. (Doc. No. 13.) For the reasons set forth below, the court will grant defendant's motion to compel arbitration and dismiss this action without prejudice.

**BACKGROUND**

　　　　According to the complaint, plaintiff was a non-exempt, hourly worker employed by defendant in their packaging production plant in Fresno, California between February 1995 and November 8, 2017. (Doc. No. 1-1, Ex. A ("Compl.") at ¶¶ 9–10.) Her job duties included working on an assembly line and in a warehouse. (*Id.* at ¶¶ 10, 12.)

/////

1

Starting in 2015, plaintiff began to experience pain in her left knee, with the condition worsening until the knee gave out in May 2015 and her doctors determining that she had torn the ligaments in that knee. (*Id.* at ¶ 15.) Plaintiff reported the injury to defendant's human resources department, which allegedly failed to provide her with a worker's compensation form or the best possible work accommodation. (*Id.* at ¶ 17.) She subsequently underwent surgery for her knee injury and went on a medical leave of absence for approximately eight months. (*Id.* at ¶ 18.)

After returning to work in early 2016, plaintiff began to experience pain in her right knee. (*Id.* at ¶ 20.) That injury also worsened and her doctors eventually determined that she had torn the ligaments in her right knee. (*Id.*) Plaintiff reported the injury to defendant's human resources department, which again allegedly failed to provide her with a worker's compensation form or the best possible work accommodation. (*Id.* at ¶ 21.) She subsequently underwent surgery for her right knee injury. (*Id.* at ¶ 22.)

While dealing with her knee injuries, plaintiff regularly visited her doctors, who recommended that she not work until her injuries had fully healed. (*Id.* at ¶ 23.) Plaintiff duly notified defendant of her condition and her doctors' orders. (*Id.* at ¶ 24.) After plaintiff's medical leave ended in October 2017, her doctor became concerned about swelling in plaintiff's left knee and ordered that she not return to work. (*Id.* at ¶ 25.) After notifying defendant of her doctor's orders, she was terminated on November 8, 2017. (*Id.* at ¶¶ 26–27.)

Plaintiff subsequently filed this action on November 4, 2019 in Fresno County Superior Court, alleging eleven causes of action relating to her employment and termination by defendant. (*Id* at ¶¶ 33–117.) Defendant then removed the case to this federal court on December 6, 2019 and filed a motion to compel arbitration on December 12, 2019, relying on an arbitration agreement (the "Agreement") signed by both parties on July 21, 2011. (Doc. Nos. 1, 5; *see* Doc. No. 1-1, Ex. A.) The Agreement provides that "Employer and Employee mutually consent to the final resolution by binding arbitration of any and all claims or disputes Employer may have against or with the Employee, and/or Employee may have against or with Employer ("Claims")." (Doc. No. 1-1, Ex. A, Agreement at ¶ 1.) Plaintiff filed a statement of non-opposition to defendant's motion to compel arbitration and stay this case on January 21, 2020, though she was

silent with respect to defendant's motion to dismiss.  (Doc. No. 13.)

**LEGAL STANDARDS**

**A.     Motion to Compel Arbitration**

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA").  9 U.S.C. § 2.  The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them.  9 U.S.C. § 4.  In deciding a motion to compel arbitration, the court "is limited to determining (1) whether a valid agreement to arbitrate exists [within the contract] and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1017 (9th Cir. 2016) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (brackets in original)).

Because there is an "emphatic federal policy in favor of arbitral dispute resolution," *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985), "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"  *Id.* at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983)).

**B.     Motion to Stay**

Under Section 3 of the Federal Arbitration Act, a court, "upon being satisfied that the issue involved . . . is referable to arbitration, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.  Section 3, however, is not mandatory; the court "has discretion to dismiss under Rule 12(b)(6) if it finds that all of the claims before it are arbitrable."  *Salberg v. Massage Green Int'l Franchise Corp.*, No. 3:15-cv-02805-GPC-WVG, 2016 WL 3667154, at *2 (S.D. Cal. July 11, 2016) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that the district court properly exercised its discretion in dismissing an action where all claims were subject to arbitration)).

## ANALYSIS

**A.  Motion to Compel Arbitration**

Defendant contends that: 1) "Plaintiff entered into a valid Agreement governed by the Federal Arbitration Act . . . to arbitrate employment related claims between herself and Gruma"; 2) "the Agreement is valid and enforceable"; and 3) "the language of the Agreement covers all of Plaintiff's claims" in this case. (Doc. No. 6 at 4; *see* Doc. No. 1-1, Ex. A.)  Here, plaintiff has filed a statement of non-opposition to the motion to compel arbitration, indicating that she does not oppose the court "ordering her claims to arbitration[.]"  (Doc. No. 13 at 2.)

The court has reviewed the Agreement and concludes that defendant has demonstrated that a valid agreement to arbitrate exists and that it covers the dispute at issue.  *See Boardman*, 822 F.3d at 1017.  Accordingly, the court will grant defendant's motion to compel arbitration.

**B.  Motion to Dismiss or Stay This Action**

Defendant requests that the court, after granting the motion to compel arbitration, dismiss this action with prejudice or, in the alternative, stay this action pending the outcome of arbitration.  (Doc. No. 5 at 2.)  Plaintiff filed a statement of non-opposition to the request for a stay but did not specifically respond to the motion to dismiss.  (Doc. No. 13 at 2.)

Because all of plaintiff's claims are subject to arbitration, the court can discern no reason to stay this action, and plaintiff has not provided the court with any reason why it should do so. Therefore, the court will exercise its discretion and instead dismiss this case without prejudice. *See Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) ("If a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration."); *Calzadillas v. Wonderful Co., LLC*, No. 1-19-cv-00172-DAD-JLT, 2019 WL 5448308, at *4 (E.D. Cal. Oct. 24, 2019) ("[B]ecause all of plaintiffs' claims are subject to arbitration, the court concludes that dismissal [without prejudice] is appropriate.").

/////

/////

4

**CONCLUSION**

Accordingly:

1. Defendant's motion to compel arbitration (Doc. No. 5.) is granted;

2. This action is dismissed without prejudice; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 28, 2020**

UNITED STATES DISTRICT JUDGE